UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60024-CIV-SINGHAL

LANDIS LEDESMA NUNEZ,

    Petitioner,

v.

MERRICK B. GARLAND, *et al.*,[1]

    Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Petitioner Landis Ledesma Nunez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). ([DE [1]). The Petition was filed on January 7, 2026, by Yuslaine Soto Rodríguez, Petitioner's wife, as his next friend. *See id.* at 1; (Rodríguez Decl. (DE [1-2])). For the reasons discussed below, the Petition is denied.

I.    BACKGROUND

In the instant Petition, Rodriguez states that Nunez entered the United States in 2021. (DE [1] p. 2). Recently, their minor-age son crossed the border and was detained by Border Patrol. *Id.* Immigration officials required Nunez to come in for a DNA test to confirm his paternity of their son. *Id.* Nunez complied, and immigration officials told Nunez that he was not being detained. *Id.* Three days later, their son was released. *Id.* About a

---

[1] Since Merrick B. Garland is no longer Attorney General and Alejandro Mayorkas is no longer Secretary of the Department of Homeland Security, this Court construes the Petition to be seeking relief from the current holders of those offices. A copy of the Petition was mailed to both the Department of Justice and the Department of Homeland Security, and the Petition does include Warden, Broward Transitional Center as one of the Parties. (DE [1-3]).

week after their son's release, immigration officials called Nunez and requested him to come back to the office to fill out additional paperwork. *Id.* Upon arriving at the immigration office, four immigration officials arrested Nunez. *Id.* His wife Rodríguez filed this petition, alleging that his arrest without a warrant violated the Fourth Amendment of the United States Constitution.

II. <u>LEGAL STANDARD</u>

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

III. <u>DISCUSSION</u>

Title 28 U.S.C. § 2242 permits an application for writ of habeas corpus to be filed by someone acting on a petitioner's behalf, commonly known as a "next friend."  A federal court, however, does not automatically grant next friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To be entitled to proceed as a next friend, a person must satisfy the following two requirements:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1025 (11th Cir. 2002) (quoting

*Whitmore*, 495 U.S. at 163–64 (internal quotation marks omitted)). For the first step, incarceration is an insufficient reason to justify why the real party cannot represent himself. *See, e.g.*, *Ponce v. Warden, Alligator Alcatraz, Fla. Soft Side S.*, 2026 WL 291022, at *1 (M.D. Fla. Feb. 4, 2026) ("This Court sees numerous pro se petitioners in immigration custody seeking relief who face the same conditions and barriers as Ali and are able to litigate their petition.").

"Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 Fed. Appx. 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 164). "The burden is on the 'next friend' clearly to establish the propriety of his or her status and thereby justify the court's jurisdiction." *Whitmore*, 495 U.S. at 164.

Rodríguez must therefore satisfy the two requirements cited above for this Court to have jurisdiction to consider the Petition. She fails to satisfy the first. Rodríguez provides no reason why Nunez cannot represent himself. She does not indicate that Nunez is incompetent, disabled, or unable to access legal counsel. *See Ponce*, 2026 WL 291022 at *1. *See also Evans v. McNeil*, 2008 WL 2561899 (N.D. Fla. June 25, 2008) (collecting cases of proper use of "next friend" status). Without any allegations as to why Rodríguez should be able to proceed as Nunez's next friend, this Court cannot determine that it has jurisdiction over this matter. Unable to ascertain jurisdiction, this Court must deny the Petition.

IV.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (DE [1]) is **DENIED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF and via Postal Service to:

Landis Ledesma Nunez
A# 220-894-142
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073